IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL DOMBROSKI, a minor, and MATTHEW DOMBROSKI, a minor, by and through their parents and natural guardians, SANDRA JO DOMBROSKI and RAYMOND DOMBROSKI, | No.: |
| Plaintiffs, | Judge: |
| v. | Magistrate: |
| MARTHA STEWART LIVING OMNIMEDIA, INC. and SEARS HOLDINGS CORPORATION d/b/a KMART CORPORATION, | |
| Defendants. | |

**COMPLAINT IN CIVIL ACTION**

AND NOW, comes the plaintiffs, Michael Dombroski and Matthew Dombroski, by and though their parents and natural guardians, Sandra Jo Dombroski and Raymond Dombroski, by and through their attorneys, Robert B. Woomer, Esquire, and Woomer And Hall LLP, and files this Complaint in Civil Action as follows:

**Introduction**

1. This is a products liability action brought by Matthew Dombroski and Michael Dombroski, (collectively plaintiffs) through their parents Sandra Jo Dombroski and Raymond Dombroski, for personal injuries caused by defective products manufactured by defendant Martha Stewart Living Omnimedia, Inc, (hereinafter MSLO) and sold by Sears Holding Corporation d/b/a Kmart Corporation, (hereinafter Kmart). Plaintiffs allege personal injury resulting from lead poisoning caused by defective dinnerware manufactured distributed and/or sold by defendants. Plaintiffs allege

defendants were negligent and strictly liable for the injuries to the plaintiffs and that they breached express and implied warranties and seek damages for the alleged injuries.

### Jurisdiction and Venue

2. This action is within the original jurisdiction of this Court by virtue of 28 U.S.C. §1332(a)(1). Plaintiffs and defendants are citizens of different states and the amount in controversy of this civil action exceeds $75,000, exclusive of interest and cost.

3. Venue is proper in this District under 28 U.S.C. §1331. A substantial part of the events and conduct giving rise to the injuries caused to the plaintiffs herein occurred in or emanated from this District. Plaintiffs are domiciled in this District and defendants regularly conduct business with consumers in this District.

### The Parties

4. Plaintiff Matthew Dombroski is a minor domiciled with his parents and natural guardians, Sandra Jo Dombroski and Raymond Dombroski, at 304 Western Way, Lower Burrell, Allegheny County, Pennsylvania 15068.

5. Plaintiff Michael Dombroski is a minor domiciled with his parents and natural guardians, Sandra Jo Dombroski and Raymond Dombroski, at 304 Western Way, Lower Burrell, Westmoreland County, Pennsylvania 15068.

6. Martha Stewart Living Omnimedia Inc. (MSLO) is a registered Delaware corporation. At all times relevant MSLO maintained a headquarters at 11 West 42nd Street, New York, NY 10036. MSLO has a registered agent in Delaware located at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7. Defendants Sears Holding Corporation (hereinafter referred to as Kmart) is a registered Delaware corporation and the parent company of retailers Kmart and Sears Roebuck. At all times relevant Kmart maintained a headquarters at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

### Factual Allegations

8. At all times relevant and material hereto, Defendant MSLO designed, manufactured, synthesized, created, distributed, packaged, sold and/or introduced into the stream of commerce the dinnerware products at issue in this case under the brand "Martha Stewart Everyday."

9. At all times relevant and material hereto, Defendant Kmart sold MSLO products, including Martha Stewart Everyday dinnerware, as part of an exclusive merchandising agreement between the two defendants. Said exclusive merchandising agreement was entered into in 1997 and renewed in 2001 keeping the agreement in effect through the year 2008.

10. In June of 2001, plaintiffs' parents purchased a set of Martha Stewart Everyday Traditional Dinnerware with "Flowers and Buds Border" (hereinafter referred to as the "product") from a Kmart store located at 100 Tarentum Bridge Road, New Kensington, Pennsylvania 15068.

11. Plaintiffs used the dinnerware regularly from June 2001 until December 2006.

12. The dinnerware was regularly used in the microwave and washed by hand by the plaintiffs.

13. On information and belief, the MSLO dinnerware have inherent design and manufacturing defects that allow unsafe levels of lead to leech out of the dinnerware and contaminate consumers using the dinnerware, including the Plaintiffs.

14. In advertising and marketing materials, MSLO and Kmart failed to adequately warn consumers about the above referenced defect.

15. At all times relevant and material hereto, defendants acted through their agents, subsidiaries, owners, successors-in-interest, servants and assignees, partner corporation, successor corporations or predecessor corporations and within the actual and apparent scope of their authority.

16. As a direct and proximate result of the defective product placed into the stream of commerce by the defendants, and their negligent, reckless, wanton, willful and/or intentional misconduct, plaintiff-Matthew Dombroski has suffered the following injuries all of which are or maybe permanent in nature:

    a. lead poisoning;

    b. mental, emotional and cognitive impairment;

    c. learning disability, including impairments in language and speech development;

    d. impairment of social communication and social interaction; and

    e. severe impairment of physical body use, including stereotyped behavior, sensory-seeking behavior and pica.

17. As a direct and proximate result of the above injuries, plaintiff-Matthew Dombroski has suffered the following damages, some or all of which may be permanent:

    a. his mental capacities have been reduced and permanently impaired;

    b. he has suffered and will continue to suffer impairment in his ability to learn;

    c. his earning capacity has been reduced and permanently impaired;

    d. he will endure pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma;

    e. he has and will continue to expend large sums of money for medical treatment and care, hospitalization, medical supplies, surgical appliances, rehabilitation and therapeutic treatment, medicines and other attendant services; and

    f. his general health, strength and vitality has been impaired.

18. As a direct and proximate result of the defective products placed into the stream of commerce by the defendants, and their negligent, reckless, wanton, willful and/or intentional misconduct, plaintiff-Michael Dombroski has suffered the following injuries all of which are or maybe permanent in nature:

    a. lead poisoning.

19. As a direct and proximate result of the above injuries, plaintiff-Michael Dombroski has suffered the following damages, some or all of which may be permanent:

    a. he will endure pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma;

    b. he has and will continue to expend large sums of money for medical treatment and care, hospitalization, medical supplies, surgical appliances, rehabilitation and therapeutic treatment, medicines and other attendant services; and

    c. his general health, strength and vitality has been impaired.

### Count I
### Plaintiffs v. Defendant MSLO
### Negligence

20. All preceding paragraphs of this Complaint are incorporated by reference as though set forth at length herein.

21. At all times relevant defendant MSLO had a duty to the plaintiffs as consumers, to exercise reasonable care in the design, manufacturing, synthesizing,

distributing and packaging of their product and to provide proper warnings, notices, and instructions to users and consumers of the risks and hazards involved in using their product.

22. The injuries and damages suffered by plaintiffs were a direct and proximate result of the negligent, reckless, intentional and outrageous conduct of defendant MSLO in general and in the following particulars:

    a. In putting lead in dinnerware and selling a product that contains lead;

    b. In failing to properly design and manufacture the product;

    c. In failing to properly test the product before and after manufacture and design;

    d. In failing to use safe processes to assure that lead would not leech from the product, when the product was used for the purposes intended;

    e. In failing to fully and properly warn the plaintiffs of the risk involved in using the product;

    f. In failing to properly instruct the plaintiffs in the proper use of their product;

    g. In failing to take adequate, effective and appropriate remedial measures when the dangerous and defective condition of the product was known or should have been known; and

    h. In failing to ensure that the product did not contain lead.

WHEREFORE plaintiffs request judgment for compensatory and punitive damages in an amount in excess of the jurisdictional limit, together with attorney's fees, court costs and interest.

## COUNT II
### Plaintiffs v. Defendants MSLO and Kmart
### Strict Liability

23. All preceding paragraphs of this complaint are incorporated by reference as though fully set forth herein.

24. As designer, manufacturer, supplier, and distributor of the at-issue product, defendants MSLO and Kmart had a duty to supply purchasers and consumers of the product with a product which was free of manufacturing and design defects, and which was fit and safe for their intended use.

25. The product designed, manufactured, supplied and distributed by defendants MSLO and Kmart were expected to and did reach the plaintiffs without any substantial change in its condition.

26. At the time that defendants MSLO and Kmart placed the product into the stream of commerce the product was in a dangerous and defective condition.

27. The defective and dangerous condition of the product and defendants failure to adequately warn the ultimate users, including plaintiffs, concerning the dangers involved in the use of the product was a direct and proximate cause of plaintiffs injuries and damages.

28. Defendants MSLO and Kmart are strictly liable to plaintiffs for their injuries and damages under Pennsylvania Common Law and the Restatement of Torts, Second, §402A.

WHEREFORE plaintiffs request judgment for compensatory and punitive damages in an amount in excess of the jurisdictional limit, together with attorney's fees, court costs and interest.

### COUNT III
### Plaintiffs v. Defendants MSLO and Kmart
### Breach of Warranty

29. All preceding paragraphs of this complaint are incorporated by reference as though fully set forth herein.

30. At the time defendants MSLO and Kmart sold the at-issue product, defendants were in the business of designing, manufacturing, assembling, fabricating, distributing, and selling such products and each defendant was a merchant within the meaning of Article 2 of the Pennsylvania Uniform Commercial Code.

31. At the time defendants designed, manufactured, distributed, and sold the at-issue product, they made express and implied warranties to purchasers and intended users, that the at-issue product was reasonably safe, merchantable, and fit for the particular purpose for which it was purchased and used.

32. Plaintiffs relied upon all warranties in the purchase of the at-issue product.

33. As a direct and proximate result of defendants' breaches of the express and implied warranties, plaintiff suffered the injuries and damages set forth in the preceding paragraphs.

WHEREFORE plaintiffs request judgment for compensatory and punitive damages in an amount in excess of the jurisdictional limit, together with attorney's fees, court costs and interest.

**A JURY TRIAL IS DEMANDED.**

Woomer & Hall LLP

_____
Robert B. Woomer, Esquire
Pa I.D. # 59030
Attorney for Plaintiffs

2945 Banksville Road, Suite 200
Pittsburgh, PA 15216-2749
Phone: (412) 388-0848
Fax: (412) 388-0946

## VERIFICATION

We, Sandra Jo Dombroski and Raymond Dombroski, as guardians and natural parents of Michael Dombroski and Matthew Dombroski, minor children, being duly sworn according to law, depose and say that the facts contained in the foregoing Complaint in Civil Action are true and correct to the best of my knowledge, information and belief. We understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_____
Sandra Jo Dombroski, as guardian and
natural parent of Michael Dombroski and
Matthew Dombroski

_____
Raymond Dombroski, as guardian and
natural parent of Michael Dombroski
and Matthew Dombroski